UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN OLLENDORFF, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DALTON TRUCKING, INC., a California Corporation, TERRY KLENSKE, an individual, and DOES 1 through 10,<br><br>Defendants. | CASE NO.: CV11-05189 VBF (SPx)<br><br>**DISCOVERY MATTER**<br><br>District Judge Valerie Baker Fairbank<br>Magistrate Judge Sheri Pym<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>[Concurrently filed with Joint Stipulation for Protective Order]<br><br>Complaint Filed:   June 21, 2011<br>Trial Date:          None |

Based upon the Stipulated Protective Order submitted by parties, and for good cause shown:

The Court hereby orders that:

**A.      DEFINITIONS**

1.      "ACTION" shall mean the above-captioned action and any appeal(s) of that action.

2.      "PARTIES" shall mean all parties of record in the ACTION, including all

1

counsel of record, their employees, contractors, representatives, and agents.

3.     "DOCUMENT(S)" shall mean any document or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or after translation into a usable form -- as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

4.     "CONFIDENTIAL MATERIALS" shall include all DOCUMENTS and/or portions of DOCUMENTS produced in the course of the ACTION that:

        a) contain information located in personnel files of current and former employees;

        b) contain information located in payroll records of current and former employees;

        c) contain information located in logs maintained by current and former employees;

        d) contain information seeking the disclosure of business and financial information that is confidential, proprietary, commercially sensitive (including but not limited to Annual and Quarterly Reports) and/or a trade secret as defined by California Civil Code §3426.1 and the Restatement Torts, Section 757.

**B.     PROCEDURES FOR USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

5.     CONFIDENTIAL MATERIAL shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. However, the PARTIES shall only designate as CONFIDENTIAL those portions of multipage documents which contain CONFIDENTIAL MATERIALS. The PARTIES acknowledge that the only information to be designated as CONFIDENTIAL is that which is properly subject to protection under paragraph 4 herein and that the PARTIES

1  shall not designate as CONFIDENTIAL any material without first making a good faith

2  determination that such protection is warranted under the terms of this Order.

3        6.     Testimony taken at a deposition may be designated as confidential by

4  making a statement to that effect on the record at the deposition or other ACTION and

5  notifying the court reporter, if applicable, to separately transcribe the portion of the

6  testimony or argument during which CONFIDENTIAL MATERIAL is discussed.  Such

7  portion of the deposition or hearing transcript shall be separately transcribed and stamped

8  with the appropriate legal legend as specified in Paragraph 5, above.  The transcript shall

9  then be maintained by the witness, the court and/or outside counsel in accordance with

10  the provisions of this Order.

11        7.     CONFIDENTIAL MATERIAL shall be protected by the PARTIES and may

12  only be used in a manner that is consistent with this Order, and only as necessary for the

13  purpose of the prosecution, defense, or settlement of this ACTION and for no other

14  purpose.  CONFIDENTIAL MATERIAL shall not be used in any other lawsuit, action,

15  or other matter. Nothing in this Order restricts the ability of any party to use or disclose

16  its own CONFIDENTIAL MATERIAL.

17        8.     CONFIDENTIAL MATERIAL produced under this Order may be disclosed

18  or made available only to the Court, to counsel for a party (including the paralegal,

19  clerical, and secretarial staff employed by such counsel), and to the "qualified persons"

20  designated below:

21        a) a party, or an officer, director, or employee of a party deemed necessary

22  by counsel to aid in the prosecution, defense, or settlement of this ACTION;

23        b) experts or consultants deemed necessary by counsel to aid in the

24  prosecution, defense, or settlement of this ACTION, whether or not formally retained by

25  the PARTIES in this ACTION;

26        c)  court reporters employed in this action;

27        d)  witnesses and potential witnesses in this ACTION;

28        e)  any other person as to whom both PARTIES agree in writing.

9.     With the exception of the PARTIES, court personnel, and court reporters to whom this Order applies, CONFIDENTIAL MATERIAL shall not be disclosed to any person or entity unless that person or entity first agrees to the terms and conditions of this Order in writing, in the form of a nondisclosure agreement (*see* Attachment A), or on the record in the ACTION.  The disclosing party shall retain the executed nondisclosure agreement but shall not be required to provide a copy of the executed agreement(s) to the PARTIES unless ordered to do so by the Court upon a showing of good cause.

10.     A party seeking to resolve a dispute regarding the designation of confidential information will comply with Local Rule 37 or other applicable provision of law.

11.     A party seeking to file confidential information under seal must comply with the procedures in Local Rule 79-5 or other applicable provision of law. Where a written application and a proposed order are required to file documents under seal, by Local Rule or otherwise, the party who designated the affected material as Confidential shall be responsible for drafting said application and proposed order.

12.     CONFIDENTIAL MATERIAL lodged under seal shall be labeled with a cover sheet bearing the case name and number, along with the following statement: "This document is subject to a protective order in this case and shall not be copied or examined except in compliance with that order."  Documents so-labeled shall be kept under seal by the court clerk.

13.     All persons and entities having access to CONFIDENTIAL MATERIAL shall not make copies of the CONFIDENTIAL MATERIAL except as necessary for the ACTION, and they shall maintain control of any such copies in compliance with this Order.

14.     All CONFIDENTIAL MATERIAL shall be maintained with adequate security to ensure compliance with this OrderEach person or entity having access to CONFIDENTIAL MATERIAL shall not disclose or discuss the content of the CONFIDENTIAL MATERIAL except as provided in this Order.

15.     Nothing in this Order shall prevent any Court personnel from accessing or

1  using CONFIDENTIAL MATERIAL as otherwise authorized in the normal scope of

2  their official duties.

3       16.    Nothing in this Order shall affect the admissibility of CONFIDENTIAL

4  MATERIAL for any use in this ACTION, including during trial.

5       17.    In the event any person or PARTY in the ACTION receives a court order,

6  process or subpoena seeking the disclosure of CONFIDENTIAL MATERIAL, such

7  person or PARTY shall promptly notify each of the PARTIES through their attorneys of

8  record, shall furnish each of the PARTIES through their attorneys of record with a copy

9  of the court order, process or subpoena, and shall not interfere with respect to any

10 procedure sought to be pursued by any PARTY whose interests may be affected by such

11 disclosure.   The PARTY asserting that documents or information subject to the court

12 order, process or subpoena constitute CONFIDENTIAL MATERIAL shall have the

13 burden of defending against such court order, process or subpoena.   The PARTY

14 receiving the court order, process, or subpoena shall, once sufficient notice to all other

15 PARTIES has been given and the PARTIES have had a reasonable opportunity to object

16 (but in no case less than ten (10) days after notice), be entitled to comply with it except to

17 the extent a PARTY has filed for or succeeded in obtaining an order modifying or

18 quashing the court order, process, or subpoena.

19     **C.    DISPOSITION OF CONFIDENTIAL MATERIAL UPON
          TERMINATION OF THE ACTION**

20

21     18.    At the conclusion of the ACTION (including appeal), all such

22 CONFIDENTIAL MATERIAL shall be returned to the PARTY who produced it within

23 fifteen (15) days of the final District Court or Court of Appeal dispositive order.  No

24 PARTY, expert, consultant or any other person or entity to whom such CONFIDENTIAL

25 MATERIAL was produced shall retain any copies or any such CONFIDENTIAL

26 MATERIAL, except that counsel for each PARTY may maintain one copy of all

27 documents containing CONFIDENTIAL MATERIAL for the purpose of maintaining

28 complete and accurate files of the ACTION.

19.   This Order shall survive the final termination of this ACTION, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public.

**D.   MISCELLANEOUS PROVISIONS**

20.   The terms and conditions of this Order are without prejudice to the right of any party.

21.   All DOCUMENTS produced by any PARTY during the course of the ACTION shall be used solely in connection with the ACTION.  The PARTIES agree that any DOCUMENT produced during the course of the ACTION shall not be used or disseminated for any other purpose, including but not limited to, pending or future litigation in any court.

**IT IS SO ORDERED**.

Dated:  August 25, 2011          _____/s/_____
                                                    Magistrate Sheri Pym
                                                    United State District Judge

ATTACHMENT A

<u>Ollendorff v. Dalton Trucking Inc, et al.</u>

United States District Court, Central District of California

Case No. CV11-05189 VBF(SPx)

Declaration of Compliance with Stipulated Protective Order

1.      My name is _____.  I live at _____.

2.      I have read the Stipulated Protective Order that has been executed and entered as an order in this action, and a copy of it has been provided to me.  I understand the provisions of this Stipulated Protective Order, and agree to comply with and to be bound by its provisions.

3.      I will not reveal CONFIDENTIAL MATERIAL to anyone, except as permitted by the Stipulated Protective Order and will maintain all CONFIDENTIAL MATERIAL in a secure manner to prevent unauthorized access to it.  I will use CONFIDENTIAL MATERIAL only for purposes of the above-referenced litigation.

4.      Within 30 (days) days of receiving a request from any party, I will return any Restricted Information, including copies of notes thereof, to the Party or attorneys who provided me with the Information or destroy the information.  However, I will not be obligated to return or destroy my work product that incorporates CONFIDENTIAL MATERIAL.

5.      I hereby consent to the jurisdiction of the United States District Court, Central District of California for the sole purpose of enforcing the Stipulated Protective Order any other related orders of the Court.

/ / /

/ / /

7

1    I declare under penalty of perjury under the laws of the United States and of the

2  State of California that the foregoing is true and correct.  Executed this _____ day of

3  _____, 201__, at _____, _____.

4                                              _____

5                                                         (Signature)

6

7

8  4839-8981-8634, v.  1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28