JACK W. LEE, SBN 71626
KEVIN R. ALLEN, SBN 237994
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887
jlee@minamitamaki.com
kallen@minamitamaki.com

NICOLAS ORIHUELA, SBN 221898
DOUGLAS B. HAYES, SBN 232709
HURWITZ, ORIHUELA & HAYES, LLP
10 Universal City Plaza, 20th Fl.
Universal City, CA 91608
Tel. (818) 753-2381
Fax: (818) 753-2382
no@hohlawyers.com
dbh@hohlawyers.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

Joel P. Kelly (SBN 100716)
kellyj@jacksonlewis.com
Catherine J. Coble (SBN 223461)
coblec@jacksonlewis.com
JACKSON LEWIS LLP
725 S. Figueroa Street, Suite 2500
Los Angeles, California  90017
Tel:   213-689-0404
Fax:   213-689-0430

Attorneys for Defendants
DALTON TRUCKING, INC, and TERRY KLENSKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN OLLENDORFF, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DALTON TRUCKING, INC., a California Corporation, TERRY KLENSKE, an individual, and DOES 1 through 50,<br><br>Defendants. | Case No. CV 11-05189-DMG (SPx)<br><br>**ORDER REGARDING CONFIDENTIAL INFORMATION OF PUTATIVE CLASS MEMBERS [23]** |

-1-

[Proposed] Order Regarding Confidential Information of Putative Class Members

Pursuant to the Stipulation [Doc. # 23] of the parties, Plaintiff Martin Ollendorff ("Plaintiff") and Defendants Dalton Trucking, Inc. ("Dalton") and Terry Klenske ("Klenske") (collectively, "Defendants"), by and through their respective attorneys of record, and good cause appearing, IT IS HEREBY ORDERED:

1. This Order Regarding Confidential Information of Putative Class Members ("Stipulation") shall govern all Confidential Information provided by Defendants in this case relating to Putative Class Members, as those terms are defined in the parties' Stipulation.

2. The Definitions contained in the parties' Stipulation are incorporated by reference herein.

3. This Order shall govern all Confidential Information provided by the Defendants to Plaintiff or his counsel in this matter. This Order does not govern information that would otherwise be deemed Confidential Information which is obtained by Plaintiff or his counsel through independent investigation or other than through Defendants pursuant to this Order though such information may be governed by the Parties' Stipulated Protective Order governing discovery in this matter.

4. Confidential Information of Putative Class Members that is disclosed by Defendants shall be treated as confidential by the parties themselves and all Attorneys for the parties, and may only be disclosed to Authorized Recipients.

5. All Authorized Recipients of Confidential Information shall be informed of this Order prior to being provided with Confidential Information. All Authorized Recipients of Confidential Information shall maintain the information in secure facilities. All Authorized Recipients of Confidential Information, as defined herein, shall take reasonable steps to preclude dissemination of said information to persons who are not Authorized Recipients.

6. The termination of proceedings in this action shall not relieve any person from the obligations of this Order.

7. The provisions of this Order shall continue to be binding following

termination of these proceedings, and this Court shall, to the extent possible, retain jurisdiction, over the parties and any other person who has access to Confidential Information pursuant to this Order, for the purposes of enforcing its provisions.

8. Plaintiff and Defendants agree that, on entry of this Order by the Court, a mutually agreeable third party claims administrator ("Administrator") shall be jointly retained for purposes of mailing to Putative Class Members the Notice in the form attached to the parties' Stipulation. Plaintiff and Defendants further agree that each shall pay one-half of the costs of the Administrator's services pursuant to this Order, as described herein.

9. Within five (5) business days of the date of this Order, Defendants shall provide the Administrator with a list containing Contact Information for the Putative Class Members. The Administrator shall keep this list confidential and shall not disclose it to Plaintiff, their counsel, or any other third party except as provided for in this Order.

10. Within five (5) business days of receiving the before mentioned list of Contact Information from the Defendants, the Administrator shall cause a Notice to be sent to each of the Putative Class Members by United States Mail.

11. The Putative Class Members shall have thirty calendar days (30) after the postmark of the Notice in which to mail an opt-out request to the Administrator as described in the Notice ("Opt-Out Deadline"). The postmark on the opt-out request shall be controlling for purposes of determining whether the 30-day opt out period had expired.

12. Within seven (7) days of the Opt-Out Deadline, the Administrator shall disclose to Plaintiff's counsel the Contact Information for any Putative Class Member from whom the Administrator has not received a timely opt-out request. The Administrator shall not disclose to Plaintiff's counsel, and will keep confidential, the Contact Information for any Putative Class Member who returns a timely opt-out in response to the Notice.

13. In the event that counsel for any party determines to file in, lodge with, or submit Confidential Information of Putative Class Members to the Court, any Confidential Information, and any papers containing or making reference to such material or information, the parties shall follow the procedures set forth in the applicable Local Rules and/or Standing and/or General Orders of this Court.

14. This Order may be modified by agreement of the parties or further order of the Court.

**IT IS SO ORDERED.**

DATED: October 4, 2011

_____
DOLLY M. GEE
United States District Judge