UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN OLLENDORFF, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DALTON TRUCKING, INC., a California Corporation, TERRY KLENSKE, an individual, and DOES 1 through 10,<br><br>Defendants. | CASE NO.: CV11-05189 DGM (SPx)<br><br>**DISCOVERY MATTER**<br><br>District Judge Dolly M. Gee<br>Magistrate Judge Sheri Pym<br><br>**ORDER ON STIPULATED ATTORNEYS' AND CONSULTANTS' EYES ONLY PROTECTIVE ORDER RE FINANCIAL INFORMATION**<br><br>[Concurrently filed with Joint Stipulation for Protective Order]<br><br>Complaint Filed: June 21, 2011<br>Trial Date:         November 13, 2012 |

Based upon the Stipulated Protective Order submitted by parties, and for good cause shown:

The Court hereby orders that:

**A.   DEFINITIONS**

1.   "ACTION" shall mean the above-captioned action and any appeal(s) of that action.

1

2. "PARTIES" shall mean all parties of record in the ACTION, including all counsel of record, their employees, contractors, representatives, and agents.

3. "DOCUMENT(S)" shall mean any document or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or after translation into a usable form -- as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

4. "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION" shall include all DOCUMENTS and/or portions of DOCUMENTS produced in the course of the ACTION that:

    a) contain information regarding Dalton Trucking's tax returns;

    b) contain information regarding Dalton Trucking's credit applications;

    c) contain information regarding Dalton Trucking's financial statements, including but not limited to, reviewed financial statements.

**B. PROCEDURES FOR USE AND DISCLOSURE OF HIGHLY CONFIDENTIAL FINANCIAL INFORMATION**

5. HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall be so designated by stamping copies of the document produced to a party with the legend "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION."  Stamping the legend "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. However, the PARTIES shall only designate as HIGHLY CONFIDENTIAL FINANCIAL INFORMATION those portions of multipage documents which contain HIGHLY CONFIDENTIAL FINANCIAL INFORMATION.  The PARTIES acknowledge that the only information to be designated as HIGHLY CONFIDENTIAL FINANCIAL INFORMATION is that which is properly subject to protection under paragraph 4 herein and that the PARTIES shall not designate as HIGHLY CONFIDENTIAL FINANCIAL INFORMATION any material

without first making a good faith determination that such protection is warranted under the terms of this Order.

6. HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall be protected by the PARTIES and may only be used in a manner that is consistent with this Order, and only as necessary for the purpose of the prosecution, defense, or settlement of this ACTION and for no other purpose. HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall not be used in any other lawsuit, action, or other matter. Nothing in this Order restricts the ability of any party to use or disclose its own HIGHLY CONFIDENTIAL FINANCIAL INFORMATION.

7. HIGHLY CONFIDENTIAL FINANCIAL INFORMATION produced under this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this ACTION;

   b) experts or consultants deemed necessary by counsel to aid in the prosecution, defense, or settlement of this ACTION, whether or not formally retained by the PARTIES in this ACTION;

   c) court reporters employed in this action;

   d) any other person as to whom both PARTIES agree in writing.

8. With the exception of the PARTIES, court personnel, and court reporters to whom this Order applies, HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall not be disclosed to any person or entity, including financial experts and consultants, unless that person or entity first agrees to the terms and conditions of this Order in writing, in the form of a nondisclosure agreement (*see* Attachment A), or on the record in the ACTION. The disclosing party shall retain the executed nondisclosure agreement but shall not be required to provide a copy of the executed agreement(s) to the PARTIES unless ordered to do so by the Court upon a showing of good cause.

9. A party seeking to resolve a dispute regarding the designation of confidential information will comply with Local Rule 37 or other applicable provision of law.

10. A party seeking to file HIGHLY CONFIDENTIAL FINANCIAL INFORMATION under seal must comply with the procedures in Local Rule 79-5 or other applicable provision of law. Where a written application and a proposed order are required to file documents under seal, by Local Rule or otherwise, the party who designated the affected material as Confidential shall be responsible for drafting said application and proposed order.

11. HIGHLY CONFIDENTIAL FINANCIAL INFORMATION lodged under seal shall be labeled with a cover sheet bearing the case name and number, along with the following statement: "This document is subject to a protective order in this case and shall not be copied or examined except in compliance with that order." Documents so-labeled shall be kept under seal by the court clerk.

12. All persons and entities having access to HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall not make copies of the HIGHLY CONFIDENTIAL FINANCIAL INFORMATION except as necessary for the ACTION, and they shall maintain control of any such copies in compliance with this Order.

13. All HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall be maintained with adequate security to ensure compliance with this Order. Each person or entity having access to HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall not disclose or discuss the content of the HIGHLY CONFIDENTIAL FINANCIAL INFORMATION except as provided in this Order.

14. Nothing in this Order shall prevent any Court personnel from accessing or using the HIGHLY CONFIDENTIAL FINANCIAL INFORMATION as otherwise authorized in the normal scope of their official duties.

15. In the event any person or PARTY in the ACTION receives a court order, process or subpoena seeking the disclosure of HIGHLY CONFIDENTIAL FINANCIAL INFORMATION, such person or PARTY shall promptly notify each of the PARTIES

through their attorneys of record, shall furnish each of the PARTIES through their attorneys of record with a copy of the court order, process or subpoena, and shall not interfere with respect to any procedure sought to be pursued by any PARTY whose interests may be affected by such disclosure.  The PARTY asserting that documents or information subject to the court order, process or subpoena constitute HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall have the burden of defending against such court order, process or subpoena.  The PARTY receiving the court order, process, or subpoena shall, once sufficient notice to all other PARTIES has been given and the PARTIES have had a reasonable opportunity to object (but in no case less than ten (10) days after notice), be entitled to comply with it except to the extent a PARTY has filed for or succeeded in obtaining an order modifying or quashing the court order, process, or subpoena.

### C.  **DISPOSITION OF CONFIDENTIAL MATERIAL UPON TERMINATION OF THE ACTION**

16.   At the conclusion of the ACTION (including appeal), all such HIGHLY CONFIDENTIAL FINANCIAL INFORMATION shall be returned to the PARTY who produced it within fifteen (15) days of the final District Court or Court of Appeal dispositive order.  No PARTY, expert, consultant or any other person or entity to whom such HIGHLY CONFIDENTIAL FINANCIAL INFORMATION was produced shall retain any copies or any such HIGHLY CONFIDENTIAL FINANCIAL INFORMATION, except that counsel for each PARTY may maintain one copy of all documents containing HIGHLY CONFIDENTIAL FINANCIAL INFORMATION for the purpose of maintaining complete and accurate files of the ACTION.

17.   This Order shall survive the final termination of this ACTION, to the extent that the information contained in HIGHLY CONFIDENTIAL FINANCIAL INFORMATION is not or does not become known to the public.

///

///

**D.  MISCELLANEOUS PROVISIONS**

18. The terms and conditions of this Order are without prejudice to the right of any party.

**IT IS SO ORDERED**.

Dated:  February 28,         , 2012         /s/                                        
                                          Sheri Pym
                                  United State Magistrate Judge

6

ATTACHMENT A

<u>Ollendorff v. Dalton Trucking Inc, et al.</u>

United States District Court, Central District of California

Case No. CV11-05189 DGM(SPx)

Declaration of Compliance with Stipulated Protective Order

1. My name is _____. I live at _____.

2. I have read the Stipulated Protective Order that has been executed and entered as an order in this action, and a copy of it has been provided to me. I understand the provisions of this Stipulated Protective Order, and agree to comply with and to be bound by its provisions.

3. I will not reveal HIGHLY CONFIDENTIAL FINANCIAL INFORMATION to anyone, except as permitted by the Stipulated Protective Order and will maintain all HIGHLY CONFIDENTIAL FINANCIAL INFORMATION in a secure manner to prevent unauthorized access to it. I will use HIGHLY CONFIDENTIAL FINANCIAL INFORMATION only for purposes of the above-referenced litigation.

4. Within 30 (days) days of receiving a request from any party, I will return any Restricted Information, including copies of notes thereof, to the Party or attorneys who provided me with the Information or destroy the information. However, I will not be obligated to return or destroy my work product that incorporates HIGHLY CONFIDENTIAL FINANCIAL INFORMATION.

5. I hereby consent to the jurisdiction of the United States District Court, Central District of California for the sole purpose of enforcing the Stipulated Protective Order any other related orders of the Court.

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.  Executed this _____ day of _____, 201__, at _____, _____.

                                        _____
                                                (Signature)